IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC,<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | NO: WA:13-CV-362 |
| BLACKBERRY LIMITED *et al.*,<br>  Defendants. | §<br>§<br>§<br>§ | PATENT CASE |
| AFFINITY LABS OF TEXAS, LLC,<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | NO: WA:13-CV-364 |
| SAMSUNG ELECTRONICS CO.,<br>LTD. *et al.*,<br>  Defendants. | §<br>§<br>§<br>§<br>§ | PATENT CASE |

AND

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC,<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | NO: WA:13-CV-363 |
| FORD MOTOR COMPANY,<br>  Defendant. | §<br>§<br>§<br>§ | PATENT CASE |
| AFFINITY LABS OF TEXAS, LLC,<br>  Plaintiff, | §<br>§<br>§ | |
| v. | § | NO: WA:13-CV-365 |
| TOYOTA MOTOR NORTH<br>AMERICA INC., *et al.*,<br>  Defendants. | §<br>§<br>§<br>§<br>§ | PATENT CASE |

| | | |
|---|---|---|
| AFFINITY LABS OF TEXAS, LLC,<br>    Plaintiff,<br><br>v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC and AB VOLVO,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO: WA:13-CV-366<br><br>PATENT CASE |
| AFFINITY LABS OF TEXAS, LLC,<br>    Plaintiff,<br><br>v.<br><br>HONDA NORTH AMERICA, INC., et al.,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO: WA:13-CV-367<br><br>PATENT CASE |
| AFFINITY LABS OF TEXAS, LLC,<br>    Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO: WA:13-CV-368<br><br>PATENT CASE |
| AFFINITY LABS OF TEXAS, LLC,<br>    Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA INC., and NISSAN MOTOR CO., LTD.,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO: WA:13-CV-369<br><br>PATENT CASE |
| AFFINITY LABS OF TEXAS, LLC,<br>    Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | NO: WA:13-CV-370<br><br>PATENT CASE |

Before the Court are Plaintiff Affinity Labs of Texas, LLC's Motions to Consolidate and Proposed Scheduling Orders, and the Responses in Opposition and Proposed Scheduling Orders filed by Defendants in nine separate patent cases. After considering the motions, responses, and the applicable law, the Motions to Consolidate are **GRANTED**, and the Proposed Scheduling Motions are **DENIED**.

In accordance with this Order, the lawsuits are consolidated with this action only for pretrial issues, expect venue. Cause numbers W:13-CV-362 and W:13-CV-363 shall serve as the lead cases for the consolidated issues as explained below. The individual cases will remain active for venue motions and trial. All motions, other than venue motions, shall be filed in the appropriate consolidated case. The Court will enter separate Amended Scheduling Orders consistent with this Order.

### I.   Factual and Procedural Background

On November 21, 2013, Plaintiff filed nine separate patent cases against seven automobile manufacturers (Car Defendants): Ford Motor Company (Ford), Toyota Motor North America Inc., *et al.* (Toyota), Volvo Cars of North America, LLC, *et al.* (Volvo), Honda North America, Inc., *et al.* (Honda), Jaguar Land Rover North America (Jaguar), Nissan North America Inc., *et al.* and General Motors LLC (GM). Plaintiff also filed two patent infringement lawsuits against two mobile phone manufacturers (Phone Defendants): Blackberry Limited, *et al.* (Blackberry) and Samsung Electronics Co., Ltd., *et al.* (Samsung). Plaintiff

claims that each Car Defendant infringed two of its patents, U.S. Patent Numbers 8,588,680 ('680) and 8,554,191 ('191), which relate to the ability to wirelessly connect a portable electronic device to an automobile sound system. Plaintiff also sued both Phone Defendants for infringing U.S. Patent Number 8,532,641 ('641), which relates to a portable electronic device's ability to be a part of an audio system through a wireless connection.

Plaintiff contends that since its lawsuits against the Car Defendants involve Patents '680 and '191, and the lawsuits against the Phone Defendants involve Patent '641, consolidation for purposes of pretrial procedures would conserve judicial resources and promote the speedy and inexpensive resolution of the parties' disputes. Plaintiff notes that the patent infringement claims against each Car and Phone Defendant are similar, and several pretrial and discovery issues can be combined for resolution. As such, Plaintiff requests that the lawsuits involving the Car Defendants be consolidated under one case, and the Phone Defendants be consolidated under a separate case.

Plaintiff also filed nine separate proposed scheduling orders in each lawsuit. In sum, Plaintiff is moving for a scheduling order on the claims against the Car Defendants that will utilize bifurcated jury trials. Plaintiff maintains that the patent cases should be presented to the juries in two phases – patent validity and patent infringement. Since the same patents are the subject of all the lawsuits, Plaintiff argues that all seven Car Defendants should be consolidated into one jury trial to determine whether the patents at issue are <u>valid</u>. If the jury

finds the patents invalid, then all seven cases would be completed. However, if the jury finds the patents valid, then seven separate jury trials would be required to determine whether the Car Defendants <u>infringed</u> Plaintiff's patents. Unlike its scheduling request with respect to the Car Defendants, Plaintiff does not seek bifurcated jury trials on validity and infringement. Still, Plaintiff provides its requested dates and deadlines as to the Phone Defendant lawsuits.

Each of the defendants filed independent objections to the consolidation requests, and has submitted their own amended scheduling order. Additionally, at least three of the defendants have filed a motion to transfer venue. Although separately filed, each defendant's motions in opposition rely on similar arguments. The defendants argue that the consolidation request is not feasible, prejudices the defendants, and violates 35 U.S.C. § 299. As to the feasibility issue, many of the defendants in the instant cases point out that they are also being sued by Plaintiff in the Eastern District of Texas for infringing similar patents. These defendants claim that several of the witnesses, experts, and attorneys will be the same in both cases, and it will be impossible to have the witnesses and attorneys available for both trials based on Plaintiff's proposed scheduling order.

The defendants next contend that not all the defendants have filed their answer to the lawsuit and some have filed motions to transfer venue along with other dispositive motions. As such, given the wide disparity in procedural posture, Defendants contend that it is premature to consolidate at this early

stage. Defendants finally argue that the consolidation would violate 35 U.S.C. § 299, which states that "accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit."

Lastly, the Car Defendants maintain that they will be prejudiced by a consolidated "validity trial" because each defendant will be asserting different defenses and viewpoints on claim construction. By forcing a large number of defendants to join in defending allegations of patent infringement, Car Defendants claim that it could deprive them of "a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages." *In re Nintendo Co.*, 2013 WL 5345899, at *5 (Fed. Cir. Sept. 25, 2013). Specifically, the Car Defendants note that the different products of each defendant should prevent consolidation because there will be different infringement, validity and license defenses at issue, and the defendants will be unable to fairly present their individual defenses. In other words, each Car Defendant is being sued for infringing the same two patents; however, each Car Defendant may assert an affirmative defense that is unique to each defendant based on the third-party manufacturer that installed the vehicle's sound system. For example, a non-party audio system manufacturer may have a third-party licensing agreement with Plaintiff on the patents, which the non-party utilized in the sound system installed in one of the Car Defendant's vehicles. While that

Car Defendant may assert a possible defense based on that third-party licensing agreement, a separate Car Defendant could not since its vehicle's sound system is covered under a different non-party's licensing agreement. Additionally, Car Defendants point out that Plaintiff's bifurcated jury request would require eight jury trials rather than just seven trials if the issues of patent validity and infringement are tried together.

Based on these concerns, Car and Phone Defendants would like the Court to adopt the Patent Disclosure Requirements and Scheduling used in the Eastern District of Texas. The proposed schedule would extend the trial calendar and would add additional deadlines for infringement and invalidity contentions throughout that period; however, the defendants maintain that an extensive schedule will require the parties to focus discovery resources, claim construction, expert reports, and dispositive motions at the appropriate timeframe.

## II. Applicable Legal Standards

### A. Motion to Consolidate – Rule 42(a)

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Rule 42 provides the district court with substantial discretion to consolidate cases for discovery and other matters, even if is only "a common question of law or fact." *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) (quoting FED. R. CIV. P. 42(a)); *see also Luera v. M/V*

*Albeta*, 635 F.3d 181, 194 (5th Cir.2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact' "); *Oasis Research, LLC v. Carbonite, Inc.*, 4:10-CV-435, 2012 WL 3544881 (E.D. Tex. Aug. 15, 2012). On the other hand, "consolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen 'l Hosp. Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). For example, consolidation can be inappropriate "in instances where the cases are at different stages of preparedness for trial." *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir.1989); *see also Fenner Investments, Ltd. v. 3Com Corp.*, CIV.A.6:08-CV-61, 2008 WL 4876816 (E.D. Tex. Nov. 12, 2008) (recognizing the appropriateness of denying consolidation if it would delay a matter's trial date).

The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine "the special underlying facts" with "close attention" before ordering consolidation. *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993). In light of its case management function, consolidation would be inappropriate if it "leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998); *PB & J Software, LLC v. Acronis, Inc.*, 4:12-CV-690 SNLJ, 2012 WL 4815132 (E.D. Mo. Oct. 10, 2012).

### B. Motion to Bifurcate – Rule 42(b)

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims,

crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42. Similar to its consolidation decision, "a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Gardco Mfg., Inc. v. Herst Lighting*, 820 F.2d 1209, 1212 (Fed.Cir. 1987). As in a motion for consolidation, a party seeking to bifurcate under Rule 42 has the burden of showing that bifurcation is justified. *See Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D.Cal.1992) ("the party seeking bifurcation ... has the burden of proving that bifurcation is justified given the facts").

While uncommon in traditional civil litigation, bifurcation of liability and damages is an acceptable practice in patent cases, especially when the damages issues are complicated and extensive evidence would be necessary. *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964) ("[T]he issues of validity, title, infringement and damages in patent and copyright cases may be separately tried, unless this course will inconvenience the court or seriously prejudice the rights of some of the parties."). "In the context of patent cases, 'experienced judges use bifurcation and trifurcation both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to a jury.' " *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D.Del. 2002). However, a litigant's Seventh Amendment right to "have only one jury pass on a common issue of fact" also limits a court's discretion to bifurcate. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir.1993) (citing

*Gasoline Prods., Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499-500, 51 S.Ct. 513, 75 L.Ed. 1188 (1931)). "[T]he issue to be tried [separately] must be so distinct and separate from the others that a trial of it alone may be had without injustice." *Id.* In the end, the court must balance the risk of inconsistent or competing jury findings on the same issue with the benefits of consolidation and bifurcation. *Intel Corp. v. Commonwealth Scientific & Indus. Research Organisation*, CIV. 6:06-CV-551, 2008 WL 5378037 (E.D. Tex. Dec. 23, 2008).

### C. The America Invents Act

When considering motions for consolidation and bifurcation, the district court must also be mindful of the interplay between its case management discretion under Rule 42 and the limitations enumerated in the America Invents Act ("AIA"), 35 U.S.C. § 299. The AIA provides guidelines for determining the appropriateness of joining multiple defendants in patent cases. *Id.* The pertinent portion of the AIA provides:

> With respect to any civil action arising under any Act of Congress relating to patents ... parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants only if—
>
> (1) Any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the marking, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) Questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299.

While it is clear that the limitations set out in the AIA extends to consolidation of actions for <u>trial</u>, consolidation for <u>pretrial proceedings</u> is not addressed in § 299. *C.R. Bard, Inc. v. Medical Components, Inc.*, 2012 WL 3060105, *1 (D. Utah 2012) (noting that the AIA is silent on pretrial consolidation); see *In re Bear Creek Techs., Inc., ('722) Patent Litigation*, MDL No. 2344, 2012 WL 1523340, at * 2 (J.P.M.L. May 2, 2012) (finding that the AIA did not alter the MDL Panel's "authority to order pretrial centralization"). "As such, the AIA does not affect the authority of a court to order pre-trial consolidation of related patent cases." *Id.*

## III. Analysis

### A. Consolidation

After considering the arguments of all parties, the Court is convinced that pretrial consolidation is appropriate here. As recognized by the Federal Circuit, a district court still retains its discretion under Rule 42 to consolidate related patent cases for pretrial matters. See *In re EMC*, 677 F.3d at 1360. The simultaneous filing of multiple lawsuits involving the same underlying patents "presents administrative challenges for the Court and, left unchecked, wastes judicial resources by requiring common issues to be addressed individually for each case." *Norman IP Holdings, LLC v. Lexmark Intern., Inc.*, 6:12CV508, 2012 WL

3307942, at *4 (E.D. Tex. Aug. 10, 2012). Here, Plaintiff filed suit against the Car Defendants for infringing Patents '680 and '191, and sued the Phone Defendants for infringing Patent '641. The *Markman* hearing and other pretrial discovery matters to be set by the Court, will allow the parties to ascertain, as a matter of law, the meaning of a patent's claims as well as define the scope of the patented technologies. Since the same patents are at issue, which are similarly used by the defendants in comparable technologies, several common issues of law and fact should be considered in consolidated pretrial proceedings. Although different pretrial motions have been filed by each defendant, including motions to dismiss and venue transfer motions, consolidating the cases at this stage of the lawsuits is not premature or prejudicial.

Given the Court's limited resources and considerable criminal and civil caseload, the Court cannot waste time to consider nine separate motions and pretrial claims where the same arguments will be proffered in each individual case. Furthermore, the Court will not delay setting the schedule for claim construction proceedings and trial to wait for all the defendants to file every conceivable dispositive motion or transfer request. Irrespective of the consolidation of the cases, the Court will still address any motions to dismiss or motions to transfer venue as timely as possible. If the Court determines that transfer of one or more of the cases is appropriate, the Court will still retain that case through the *Markman* phase of the litigation. Any pending orders to transfer will become effective after the Court issues its claim construction order, and the

case will then be transferred. Although the transferee court is not bound by the claim construction determinations of this Court in the event of transfer, the Court still finds that this case management approach will conserve judicial resources and promote consistent rulings on claim construction.

For the reasons stated above, the consolidation of pretrial matters in these cases, which include issues of discovery and claim construction, will promote efficiency and judicial economy, while still maintaining fairness. *Motorola Mobility, Inc. v. Tivo, Inc.*, 2012 WL 2935450, *2-3 (E.D. Tex. 2012); *see also Kohus v. Toys "R" Us, Inc.*, C-1-05-517, 2006 WL 1476209 (S.D. Ohio May 25, 2006) (finding that since the same questions of law for the purposes of a *Markman* hearing are present in the cases involving multiple defendants infringing the same patent, consolidation was appropriate); *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 32–33, 209 U.S.P.Q. 1094 (N.D. Ill. 1980) (granting motion to consolidate for pretrial purposes three patent infringement actions involving same patents and fourteen different defendants); *Sage Products, Inc. v. Devon Industries, Inc.*, 148 F.R.D. 213, 215, 28 U.S.P.Q.2d 1149 (N.D. Ill. 1993) (ordering consolidation for purposes of pretrial matters, but reserving ruling on consolidation question as to trial, two patent infringement actions brought by the same patentee against two different accused infringers based on same patent, but different products). Therefore, to promote efficient case management, the Court **GRANTS** Plaintiff's Motions to Consolidate, and

finds that the patent lawsuits shall be consolidated as to all issues, except venue, through pretrial only.

### B. Scheduling Orders and Bifurcation

The parties in all lawsuits also filed separate motions to amend the Court's scheduling order. Since the Court is consolidating the nine patent lawsuits into two separate lawsuits for pretrial matters, the Court will enter a separate scheduling order and **DENIES** all motions for proposed scheduling order as submitted by the parties.[1]

The Court also **DENIES** Plaintiff's request for bifurcated trials on validity and infringement, which is incorporated in Plaintiff's proposed scheduling orders. Plaintiff has not met its burden under Rule 42(b) in demonstrating that bifurcated trials are justified and appropriate in this case. As noted by the defendants, there are several patent claims and limitations at issue in these lawsuits. Until the Court has had the opportunity to review Plaintiff's specific patent claims and any claim construction issues, a request for bifurcation is premature at this time.

### IV.  Conclusion

Since the above-styled cases involve a common question of law or fact, pretrial consolidation would promote efficient case management. Accordingly, it is

---

[1] Although a single trial date will be set for both consolidated cases, the Court will revisit its scheduling order and set official trial dates and appropriate scheduling orders for each lawsuit after the Claim Construction Opinions are issued.

**ORDERED** that Plaintiff's Motions for Consolidation are **GRANTED**. It is further

**ORDERED** that the cases involving the Phone Defendants, Blackberry and Samsung, are **CONSOLIDATED** for all pretrial issues (except venue) with the earliest filed action, Cause No. W:13–CV–362, which will be the lead case involving the Phone Defendants. All related parties are instructed to file any future motions in that lead case. It is further

**ORDERED** that the cases involving the Car Defendants, Ford, Toyota, Volvo, Honda, Jaguar, Nissan, and General Motors, are **CONSOLIDATED** for all pretrial issues (except venue) with Cause No. W:13–CV–363, which will be the lead case involving the Car Defendants. All related parties are instructed to file any future motions in that lead case. It is further

**ORDERED** that all motions for a proposed scheduling order, and any corresponding requests for trial bifurcation, are **DENIED**.

**SIGNED** this 4th day of April, 2014.

WALTER S. SMITH, JR.
**UNITED STATES DISTRICT JUDGE**